UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Donna Rai Braddock Hernandez, | ) C/A No. 4:10-1401-TLW-TER |
|---|---|
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Greenville Detention, | ) |
| Respondent. | ) |

The petitioner, Donna Rai Braddock Hernandez ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner also files this action *in forma pauperis* under 28 U.S.C. § 1915. At the time of filing, Petitioner was detained in the Greenville County Detention Center based on pending State criminal charges. Petitioner was sentenced in this District Court on December 14, 2009, and claims in her habeas petition that the State criminal charges duplicate her federal convictions, and therefore violate the Double Jeopardy Clause.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## DISCUSSION

Petitioner's habeas petition challenges "sentencing pending on state charges of forgery + conspiracy. Already sentenced on these charges in a federal case."[2] Docket # 1 at 1. Thus, Petitioner's sole ground for habeas relief is double jeopardy, based on her allegation that she has "been sentenced federally on the same charges that I am facing on a state level." Docket #1 at 5. Petitioner seeks habeas relief to "bar the charges against me, as I have been sentenced federally for those charges."

---

[2] On August 19, 2009, Petitioner pled guilty in this Court to one count of conspiracy to defraud the United States and one count of counterfeiting. On December 14, 2009, Petitioner was sentenced to 61 months imprisonment. *U.S. v Hernandez*, Case No. 6:09-cr-578-HMH-6 (D.S.C.).

Docket #1 at 14. Simultaneously with filing her habeas petition, Petitioner also filed a motion in her federal criminal case to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, raising the issue of double jeopardy. Petitioner's § 2255 motion was summarily dismissed.[3]

The current habeas action is based on federal convictions and state pending charges alleged to be based on the same actions by Petitioner. The two prosecutions are not in the same tribunal. Although the Double Jeopardy Clause generally prohibits successive prosecutions for the same offense, the dual sovereignty doctrine creates an exception. "[T]he Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government." *Heath v. Alabama*, 474 U.S. 82, 89 (1985), citing *United States v. Wheeler*, 435 U.S. 313, 320 n.14 (1978). Thus, when the same act breaks the law of two sovereigns, two distinct offences have been committed. *United States v. Lanza*, 260 U.S. 377, 382 (1922). The Supreme Court has long held that "the Constitution does not deny the State and Federal Government the power to prosecute for the same act." *Rinaldi v. United States*, 434 U.S. 22, 28 (1977), citing *Bartkus v. Illinois*, 359 U.S. 121 (1959) and *Abbate v. United States*, 359 U.S. 187 (1959). Thus, prosecution in both state and federal court for offenses that are based on the same action, even though they would otherwise implicate the Double Jeopardy Clause if tried successively in the same forum, are constitutional under the dual sovereignty doctrine. The dual sovereignty doctrine applies to defeat Petitioner's double jeopardy claim in this case. The habeas

---

[3] The order dismissing the § 2255 double jeopardy issue found that "when Hernandez was sentenced, she had pending charges for two counts of forgery" and two drug charges in state court, which were "based on new criminal conduct committed after the offenses charged" in the federal court. She was arrested on the state charges while on bond for the federal charges. "Moreover, even if the prosecution of the state charges raise a double jeopardy issue, the state court is the proper place to raise such an argument." *U.S. v Hernandez*, Case No. 6:09-cr-578-HMH-6 (D.S.C.) Docket # 260 at 2.

petition fails on the merits of its sole ground for relief, and therefore should be dismissed. It is clear "from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the respondent. **Petitioner's attention is directed to the important notice on the next page**.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 30, 2010  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).